UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CYNTHIA HOU,

    Plaintiff,

vs.                                        Case #: 8:06-CV-1502-T-27TGW

UNITED AIRLINES CORPORATION,
KIRKLAND & ELLIS LLP and
JAMES SPRAYREGEN,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** are Defendants' Motion to Dismiss Amended Complaint (Dkt. 14) and Defendants' Motion to Transfer Venue (Dkt. 15),[1] to which Plaintiff has not responded. Upon consideration, Defendant's Motion to Transfer Venue is granted, and Defendant's Motion to Dismiss is denied as moot.

### *Procedural History*

Cynthia Hou, a *pro se* plaintiff, previously filed a lawsuit seeking $1,000,000.00 for employment discrimination against Defendant United Airlines Corporation in the Middle District of Florida. The lawsuit was dismissed on May 23, 2006 because United's discharge in its Chapter 11 bankruptcy proceeding in the Northern District of Illinois enjoined Ms. Hou's prosecution of that claim. (Case No. 8:04-cv-1931-EAK-MSS, Dkt. 34).

On August 15, 2006, Plaintiff initiated the instant action, again seeking $1,000.000.00 in

---

[1] Defendants previously filed a Motion Dismiss Plaintiff's original Complaint (Dkt. 6) and a Motion to Transfer Venue (Dkt. 7). While the Court considers the arguments set forth in the previous motions to dismiss and transfer as incorporated by the motions currently before it, the Motion to Dismiss (Dkt. 6) and Motion to Transfer Venue (Dkt. 7) are denied as moot.

damages, but this time alleging that United as well as Defendants Kirkland & Ellis and James Sprayregen ("the Kirkland Defendants") fraudulently misrepresented the status of Plaintiff's claim during United's bankruptcy proceedings. Plaintiff's Amended Complaint invokes this Court's diversity jurisdiction under 28 U.S.C. §1332.

Defendants argue that Plaintiff's Amended Complaint (Dkt. 4) should be dismissed based on four separate grounds: (1) the Kirkland Defendants are not subject to personal jurisdiction in Florida; (2) venue in the Middle District of Florida is improper; (3) Plaintiff has failed to state a claim upon which relief may be granted; and (4) Plaintiff's claims are barred by *res judicata*. As set forth below, the Court finds that it does not possess personal jurisdiction over the Kirkland Defendants, and that as a result, venue does not lie in the Middle District of Florida.

### *Discussion*

#### *1. Venue for diversity actions*

The federal venue statute, 28 U.S.C. § 1391, provides that venue in diversity cases is proper only in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(a).

A corporation "resides" in any judicial district in which it is subject to personal jurisdiction. 28 U.S.C. § 1391(c).

Defendants argue that the Kirkland Defendants are not subject to personal jurisdiction in Florida, and therefore venue in Florida is not proper under subsection § 1391(a)(1). Defendants also argue that a substantial part of the events that give rise to the instant claim occurred in Illinois, not Florida, and therefore venue in Florida is not proper under subsection § 1391(a)(2). Finally,

2

Defendants contend that venue is proper in Illinois under subsections § 1391(a)(1) and (a)(2), and that this case should therefore be transferred to Illinois.

Because the propriety of exercising personal jurisdiction over the Kirkland Defendants is central to determining whether venue is proper, the Court first turns to this inquiry.

## 2. *Personal jurisdiction*

In determining whether the exercise of personal jurisdiction over the Kirkland Defendants in Florida is proper, the Court must assess: (1) whether jurisdiction is appropriate under Florida's long-arm statute; and (2) whether the exercise of personal jurisdiction will comport with due process considerations under the Fourteenth Amendment. *Stubbs v. Wyndham Nassau Resort and Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006). Plaintiff bears the burden of establishing a prima facie case of personal jurisdiction by presenting enough evidence to withstand a motion for directed verdict.[2] *Id.*

For the purposes of this inquiry, the pertinent allegations of the Amended Complaint are as follows: Defendant Sprayregen is a resident of Illinois (Dkt. 4, ¶ 2); the corporate defendants have offices in Illinois (¶¶ 3-4); and the alleged fraudulent statements by the Kirkland Defendants occurred via telephone during a telephone call initiated by Plaintiff (¶¶ 19-24). For the purposes of this motion, the Court will assume that Plaintiff was located in Florida when she placed the telephone call to the

---

[2] The Eleventh Circuit has a well established standard governing motions for judgment as a matter of law or directed verdict:

> If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive a contrary verdict, granting of the motions is proper. On the other hand, if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied . . . . *Lipphardt v. Durango Steak House of Brandon*, 267 F.3d 1183 (11th Cir. 2001).

3

Kirkland Defendants.

*a.*   ***Florida's long-arm statute***

Florida's long-arm statute provides in pertinent part:

(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
. . .
(b) Committing a tortious act within this state.
*Fla. Stat.* § 48.193(1)(b).

The Kirkland Defendants' alleged fraudulent communications over the telephone to Plaintiff are considered, under Florida law, to be a commission of a tortious act within the state. *See Wendt v. Horowitz*, 822 So.2d 1252, 1260 (Fla. 2002) (holding that telephonic communications into Florida may form the basis for personal jurisdiction under section 48.193(1)(b) if the alleged cause of action arises from the communications). The Kirkland Defendants are therefore within Florida's long-arm jurisdiction.

*b.*   ***Due process analysis***

The second part of the personal jurisdiction inquiry requires an examination of whether the Kirkland Defendants had fair notice that they would be subject to personal jurisdiction in Florida. This due process analysis focuses on whether a party has the requisite "minimum contacts" with the forum state. *Burger King Corp v. Rudzewicz*, 471 U.S. 462, 474-75 (1985). To constitute minimum contacts, the Kirkland Defendants' contact must: (1) be related to the Plaintiff's cause of action or have given rise to it; (2) involve some act by which the Defendants purposefully availed themselves of the privilege of conducting activities within Florida; and (3) be such that the Defendants should have reasonably anticipated being haled into court here. *Francosteel Corp. v. M/V Charm, Tiki, Mortensen & Lange*, 19 F.3d 624, 627 (11th Cir. 1994).

4

The only contact with Florida that Plaintiff has alleged is her own telephone call to the Kirkland Defendants. Even assuming that this telephone call originated in Florida, this does not suffice to demonstrate the Kirkland Defendants' purposeful availment of the laws of Florida, nor does it follow that the Kirkland Defendants would have any expectation of being haled into a Florida court by virtue of answering a telephone call from Plaintiff. *See Sun Bank, N.A. v. E.F. Hutton & Co., Inc.*, 926 F.2d 1030, 1034 (11th Cir. 1991) (finding no personal jurisdiction where defendant merely received and returned phone calls from Florida, during which it made allegedly fraudulent statements).

It must also be determined whether exercising jurisdiction over the Kirkland Defendants would comport with traditional notions of fair play and substantial justice. In doing so, the Court assesses:

> (a) the burden on the defendant, (b) the forum State's interest in adjudicating the dispute, (c) the plaintiff's interest in obtaining convenient and effective relief, (d) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (e) the shared interest of the several States in furthering fundamental substantive social policies. *McGow v. McCurry*, 412 F.3d 1207, 1216 (11th Cir. 2005) (internal quotations omitted).

Considerations of fair play and substantial justice do not support the exercise of personal jurisdiction over the Kirkland Defendants. Florida has no special interest in adjudicating this dispute. While it may burden Plaintiff to litigate this case in a more distant forum, each of the three Defendants is located in Illinois, and the burden on Defendants would be equal, if not collectively greater, if they were to litigate this dispute in Florida. More importantly, because the events underlying this action occurred in the Bankruptcy Court for the Northern District of Illinois, interests of efficiency weigh in favor of resolving the dispute in Illinois.

In light of the foregoing, the Court finds that Plaintiff has failed to show that the Kirkland Defendants are subject to personal jurisdiction in Florida.

### 3. *Venue in the Middle District of Florida is improper*

Because Florida is not a judicial district in which all defendants are subject to personal

5

jurisdiction, venue in this District is not proper under 28 U.S.C. § 1391(a)(1). Plaintiff has failed to allege that "a substantial part of the events or omissions giving rise to the claim" occurred in Florida, and therefore venue is also not proper under subsection 1391(a)(2). However, the Court does not reach the fallback venue provision in subsection 1391(a)(3) because there does appear to be an appropriate venue for this action: the Northern District of Illinois.

The Amended Complaint alleges that Defendant Sprayregen is a resident of Illinois and that the corporate defendants both have offices in Illinois. Furthermore, a substantial part of the events giving rise to this claim -- the bankruptcy court proceedings -- occurred in the Northern District of Illinois.

A district court in which there lies a case with improper venue may transfer the case to any district in which it could have been brought, if the transfer would be in the interest of justice. 28 U.S.C. § 1406(a). Because it appears that venue is proper in the Northern District of Illinois, and that such transfer would promote efficient resolution of this controversy, it is

**ORDERED AND ADJUDGED** that

(1) Defendants' Motion to Transfer Venue (Dkt. 15) is **GRANTED**.

(2) All other pending motions are **DENIED** as moot.

(3) The Clerk is directed to **TRANSFER** the case to the United States District Court for the Northern District of Illinois.

**DONE AND ORDERED** in chambers this 10th day of October, 2006.

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of Record
Unrepresented Parties